■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROSSY, Also Known as ANGEL DAVILLA, Appellant.—Judgment, Supreme Court, New York County, rendered December 14, 1973, convicting defendant, on a plea of guilty to possession of a weapon as a class D felony, after his motion to suppress physical evidence was denied, unanimously reversed on the law; the plea vacated; the order denying suppression reversed, and the matter remanded for further proceedings not inconsistent herewith, including a new suppression hearing. At the hearing on defendant's motion to suppress physical evidence, it was disclosed that on May 5, 1973, defendant double-parked his car behind a stopped police car to ask for directions to a social club. When the defendant was returning to his car, one of the officers who had been in the police car stopped defendant and requested that he produce his driver's license. The officer, after examining the license and determining that it was a forgery, arrested defendant for possession of a forged instrument. Defendant was then searched, and a loaded gun, cocaine and marijuana were found on his person. Defense counsel at the hearing argued that the search was illegal. In effect, we are not concerned here with a stop incidental to "routine traffic check" (People v Ingle, 36 NY2d 413), but with a pedestrian stop (People v Cantor, 36 NY2d 106). Defendant's vehicle was not stopped by the police. Indeed, defendant had left his vehicle and after completing his inquiry was returning on foot to his automobile when the officer stopped him and initiated the investigation culminating in the arrest and search. The legality of the search proceeded not only from the probable cause arising on the officer's conclusion that the defendant's driver's license was forged, but also proceeded from the legitimacy of the initial stop. As noted in People v Cantor (supra, at p 111): "In conducting this inquiry we must consider whether or not the action of the police was justified at its inception and whether or not it was reasonably related in scope to the circumstances which rendered its initiation permissible." However, at the hearing, defense counsel, the prosecutor and the court limited themselves to the issue of whether the search had a proper foundation by virtue of the police officer's determination that the license was a forgery. Scant attention was paid to the other issue which inhered in defendant's attack on the legality of the search, to wit, whether the initial stop to inquire had a basis in reasonable suspicion that criminal activity was involved (CPL 140.50) or was the product of reasonable police behavior (People v De Bour, 40 NY2d 210, 217–220). The People contend that the defendant has failed to preserve the issue of the legality of the officer's initial stop and questioning of the defendant in that defendant objected specifically to the subsequent search. This is a close question. In People v De Bour (supra, p 214), the issue of the authority of the police to initially accost the defendant in addition to their authority to subsequently search the defendant was held to be preserved where the record shows that the challenge was sufficiently specific. Under the circumstances herein, we view the nexus between the initial stop and inquiry and search to be such as to warrant concluding that defendant's challenge to the legality of the search

of necessity constituted a challenge to the police authority to initially stop defendant. As the record does not afford a sufficient basis for a determination of the issue of the validity of the stop, the matter is remanded for a further hearing. Concur—Kupferman, J. P., Murphy, Lupiano and Markewich, JJ.